# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TURNER MACHINE CO., INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | Case No. 3:14-cv-01301 |
| ) | Judge Sharp |
| v. ) | Magistrate Judge Griffin |
| ) | |
| VALEO LIGHTING SYSTEMS ) | |
| NORTH AMERICA, LLC, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## AGREED CASE MANAGEMENT ORDER # 1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LR 16.01 of the Local Rules of the United States District Court for the Middle District of Tennessee, counsel for Plaintiff/Counter-Defendant Turner Machine Co., Inc. ("Turner Machine" or "Plaintiff/Counter-Defendant") and Defendant/Counter-Plaintiff Valeo Lighting Systems North America, LLC ("Valeo Lighting" or "Defendant/Counter-Plaintiff") submit the following proposed Case Management Order.

A. JURISDICTION:

The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

B. BRIEF THEORIES OF THE PARTIES

1) PLAINTIFF/COUNTER-DEFENDANT: Turner Machine is entitled to a declaratory judgment that the terms and conditions of the Firm Proposal 6059-C for 2014 Chrysler WK Premium Headlamp Assembly Stations, dated April 12, 2012 ("Agreement"), submitted by Turner Machine to Valeo Lighting, and approved by Valeo Lighting, are valid, including, without limitation, Section 20 of the Agreement, which provides that "[a]ny action for breach of the provisions of this [Agreement] (including breach of warranty) must be commenced

within 13 months following delivery to Buyer of the Equipment" contracted for in the Agreement. If the Court determines Section 20 of the Agreement to be valid, Valeo Lighting is time-barred from pursuing any relief against Turner Machine related to any alleged breaches associated with the Agreement and/or certain purchase orders between the parties.

Valeo Lighting disputes that these terms and conditions are binding and have filed a counterclaim against Turner Machine related to certain breaches allegedly committed by Turner Machine, which Turner Machine has responded to, denied, and asserted certain affirmative defenses.

Notwithstanding the foregoing, Turner Machine disputes that it owes any money to Valeo Lighting because the funds it received related to good and valuable products and services provided by Turner Machine under the applicable agreements.

2) DEFENDANT/COUNTER-PLAINTIFF: Turner Machine is not entitled to a declaratory judgment. Its Complaint should be dismissed, with prejudice, because it is premised upon a purported limitations period which is inapplicable to the contract between the parties. Even if the alleged limitations period was arguably applicable, it would be irrelevant because Turner Machine reaffirmed its payment obligation to Valeo Lighting, or undertook a new payment obligation to Valeo Lighting, subsequent to the purported limitations period alleged in the Complaint.

Turner Machine has conceded in its Complaint that two purchase orders issued by Valeo Lighting constitute the agreements pursuant to which Turner Machine supplied Valeo Lighting. By their express terms, these purchase orders superseded the terms of the document upon which Turner Machine's Complaint is premised and refute Turner Machine's allegation of a limitations period.

Turner Machine breached its warranty to Valeo Lighting that the products sold by Turner Machine to Valeo Lighting would be free of defects, conform to all Valeo Lighting specifications, and be suitable for their intended purpose. Because Valeo Lighting paid for certain products that were either defective or otherwise incomplete, Valeo Lighting is entitled to a refund of that payment which it made to Turner Machine for defective and incomplete products which were improperly invoiced to Valeo Lighting. Turner Machine admitted these facts by both (a) issuing two credit memos evidencing its indebtedness to Valeo Lighting, and (b) Turner Machine's President reaffirming such indebtedness to Valeo Lighting in writing as recently as December, 2013, being subsequent to the purported limitations period alleged in the Complaint. Therefore, Turner Machine's Complaint should be dismissed with prejudice and Valeo Lighting's Counterclaims should result in judgment in favor of Valeo Lighting.

C. **ISSUES RESOLVED:**

Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:**

Liability and damages.

E. **MANDATORY INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before August 11, 2014.

F. **DISCOVERY:**

Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Court.

The parties agree that fact discovery shall be completed on or before January 7, 2015.

G. MOTIONS TO AMEND:

The parties shall file any motions to amend pleadings, or add parties, on or before October 1, 2014.

H. DISCLOSURE OF EXPERTS:

The parties having the burden of proof on an issue shall disclose their experts on such issue, if applicable, and provide all information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as well as the local rules of this Court, on or before January 15, 2015.

The opposing party shall then declare the identity of any expert witness that they intend to utilize and provide all information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as well as the local rules of this Court, on or before February 2, 2015.

I. COMPLETION OF DISCOVERY ON EXPERT WITNESSES:

The parties shall complete all expert witness discovery on or before March 2, 2015.

J. ALTERNATIVE DISPUTE RESOLUTION:

The parties may agree to engage in mediation once they have completed discovery. The parties may file motions to refer this matter to mediation and/or a settlement conference on or before March 2, 2015.

K. DISPOSITIVE MOTIONS

The parties shall file all dispositive motions on or before April 1, 2015. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty (20) pages.

L.  SUBSEQUENT CASE MANAGEMENT CONFERENCES:

Any such conference(s) will be scheduled upon the needs of the case.

M.  TRIAL BY DISTRICT COURT:

The parties do not consent to trial before the Magistrate Court at this time but reserve the ability to jointly consent to trial before the Magistrate Court in the future at the discretion of the District Court.

N.  ELECTRONIC DISCOVERY:

The parties have not yet determined to dispense with or adhere to the procedures set forth in the Court's Administrative Order No. 174 regarding electronic discovery. Counsel intend to cooperate to reach agreement on is subject and advise the Court should they be unable to reach agreement. ESI that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced, or if there is notice of the inadvertent production within thirty (30) days of such.

O.  TARGET TRIAL DATE:

The parties expect the trial to last approximately 2 days. The trial date is August 11, 2015.

It is so ORDERED.


UNITED STATES MAGISTRATE-JUDGE

Submitted for Entry:

   /s/ Sean C. Kirk
Charles R. Bone, No. 21161
crbone@bonelaw.com
Sean C. Kirk., No. 22878
skirk@bonelaw.com
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Telephone:  (615) 238-6300
Facsimile:  (615) 238-6301

*Attorneys for Turner Machine Co., Inc.*

and

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Counsel for Valeo Lighting Systems North America, LLC, f/k/a Valeo Sylvania, LLC


   /s/ E. Todd Sable
E. Todd Sable (Michigan Bar No. P54956)
Lawrence A. Lichtman (Michigan Bar No. P35403)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
Email: tsable@honigman.com
Email: llichtman@honigman.com

and

WALLER LANSDEN DORTCH & DAVIS, LLP
Co-counsel for Valeo Lighting Systems North America, LLC, f/k/a Valeo Sylvania, LLC

/s/ Robb S. Harvey
Robb S. Harvey
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8859
Facsimile: (615) 244-6804
Email: robb.harvey@wallerlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on July 23, 2014, the foregoing document was filed electronically with notice of this filing being sent by operation of the District Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Sean C. Kirk
Sean C. Kirk